IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA M. SEALS,                                    08-CV-589-BR

       Plaintiff,                             OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


**RICHARD A. SLY**
Attorney at Law
1001 S.W. Fifth Ave., Suite 310
Portland, OR  97204
(503) 224-0436

**LINDA S. ZISKIN**
Ziskin Law Office
P.O. Box 2237
Lake Oswego, OR  97035
(503) 889-0472

      Attorneys for Plaintiff


1 - OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1053

**DAVID MORADO**
Office of the General Counsel
**L. JAMALA EDWARDS**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2212

   Attorneys for Defendant


**BROWN, Judge.**

  Plaintiff Lisa M. Seals seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

  Following a thorough review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed her most recent application for DIB on September 28, 2000, and her most recent application for SSI on October 26, 2000.  Tr. 22, 52.[1]  In both applications, Plaintiff alleges an onset date of December 31, 1997.  Tr. 22, 52.  The applications were denied initially and on reconsideration. Tr. 22-24, 33.  An Administrative Law Judge (ALJ) held a hearing on September 25, 2003.  Tr. 43.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff, a medical expert (ME), and a vocational expert (VE) testified.  Tr. 12.

The ALJ issued an opinion on January 27, 2004, in which he found Plaintiff is not disabled, and, therefore, is not entitled to benefits.  Tr. 12-19.  The ALJ's opinion became the final decision of the Commissioner on August 26, 2004, when the Appeals Council denied Plaintiff's request for review.  Tr. 3.  On October 23, 2004, Plaintiff appealed the Commissioner's decision to the United States District Court for the Central District of California.  Tr. 432.  On May 11, 2005, the parties stipulated to a remand of the matter to the Commissioner for further administrative proceedings.  Tr. 438.

The matter was subsequently transferred to Oregon, and a second ALJ held a second hearing on May 23, 2007.  Tr. 672.  At

---

[1] Citations to the official transcript of record filed by the Commissioner on October 7, 2008, are referred to as "Tr."

the hearing, Plaintiff was not represented by an attorney. Tr. 674.  The ALJ continued the hearing so that Plaintiff could retain an attorney.  Tr. 683.

The ALJ held a third hearing on September 20, 2007. Tr. 473.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff, an ME, and a VE testified.  Tr. 685.  The ALJ issued an opinion on January 11, 2008, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  The ALJ's opinion became the final decision of the Commissioner on April 23, 2008, when the Appeals Council denied Plaintiff's request for review.  Tr. 379.

## BACKGROUND

Plaintiff was 41 years old at the time of the hearing. Tr. 54, 338.  She has a high-school education.  Tr. 338. Plaintiff has previously worked as a poultry deboner, cook, maid, fast-food service worker, and telemarketer.  Tr. 338.

Except when noted below, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 423-29.

## STANDARDS

The initial burden of proof rests on the claimant to

4 - OPINION AND ORDER

establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of
developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th
Cir. 2001).

      The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, *i.e.*, such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion."  *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

      The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*

466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

<u>**DISABILITY ANALYSIS**</u>

**I.   The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must determine the claimant's RFC, which "is an assessment of the sustained, work-related physical and mental activities" that the claimant can still do "on a regular and continuing basis" despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"

SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**II. Evaluation of Drug and Alcohol Abuse.**

A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J). *See also Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). Substance abuse is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or

alcohol.  20 C.F.R. §§ 404.1535(b).

If the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535(a).  To assess the materiality of drug or alcohol abuse,

> an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction.  If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits . . . .  If the ALJ finds that the claimant is disabled and there is medical evidence of [her] drug addiction or alcoholism then the ALJ should proceed under § 404.1535 or 416.935 to determine if the claimant would still [be found] disabled if [she] stopped using alcohol or drugs.

*Bustamante*, 262 F.3d at 955 (internal quotation omitted).  In effect, the ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. §§ 404.1535(b)(2).  *See also Bustamante*, 262 F.3d at 955.

In such materiality determinations, "the claimant bears the burden to prove that drug addiction or alcoholism is not a contributing factor material to [her] disability."  *Parra*, 481

9 - OPINION AND ORDER

F.3d 742, 748 (9th Cir. 2007).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date. Tr. 423.

At Step Two, the ALJ found Plaintiff has the severe impairments of bipolar disorder; personality disorder; a history of alcohol, marijuana, and cocaine dependence; and the nonsevere impairments of back pain and hepatitis C.  Tr. 423-24.

As noted, a claimant is disabled if the claimant's impairments meet or equal a Listing of Impairments. *See Stout*, 454 F.3d at 1052.  At Step Three, the ALJ found Plaintiff has an impairment or a combination of impairments that meets or equals a Listing of Impairments.  Tr. 424.  Specifically, the ALJ found Plaintiff's impairments, including her polysubstance abuse disorder, meet §§ 12.04, 12.08, and 12.09 of the Listings (*i.e.*, bipolar disorder, personality disorder, and substance-abuse disorder respectively).  Tr. 424.  Accordingly, the ALJ found Plaintiff is disabled.

As required under 20 C.F.R. §§ 404.1535(a) and 416.935(a), the ALJ then engaged in the five-step sequential inquiry considering only the impairments and limitations that would remain if Plaintiff discontinued her substance abuse.  Under this

10 - OPINION AND ORDER

analysis, the ALJ found Plaintiff's condition does not meet or
equal the criteria for any impairment in the Listing of
Impairments.  Tr. 425.  The ALJ assessed Plaintiff's RFC and
found she does not have any exertional limitations.  Tr. 425.
The ALJ also found, however, that Plaintiff is limited to
performing simple work that does not involve any interaction with
the public.  Tr. 425.

     At Step Four, the ALJ found Plaintiff could perform her past
relevant work if she discontinued her substance abuse.
Nevertheless, the ALJ continued to Step Five because it is not
clear from the record that Plaintiff's past relevant work was
substantial gainful activity.  Tr. 429.

     At Step Five, the ALJ found Plaintiff would be able to
perform jobs that exist in significant numbers in the national
economy if she discontinued her substance abuse.  Tr. 429.  The
ALJ identified two examples of such work drawn from the testimony
of the VE:  assembler and housekeeper.  Tr. 430.  Thus, the ALJ
concluded Plaintiff is not disabled if her substance abuse is
removed from the inquiry.  Accordingly, the ALJ found Plaintiff
is not entitled to benefits.

     In summary, the ALJ concluded Plaintiff is ineligible for
DIB and SSI because polysubstance abuse is a contributing factor
that is material to her disability and Plaintiff would not be
disabled if she discontinued her substance abuse.  Tr. 425-29.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) failing to comply with the remand order from the District Court for the Central District of California and (2) finding Plaintiff's substance abuse is a contributing factor that is material to her disability.

**I.    Remand order.**

Plaintiff contends the ALJ did not comply with the May 11, 2005, remand order of the District Court for the Central District of California by (1) failing to develop the record with regard to the opinions of an unidentified psychiatrist and Donovan J. Anderson, M.D., and (2) not giving any weight to the opinions of the unidentified psychiatrist; Dr. Anderson; or John S. Woodard, M.D.  "Deviation from the court's remand order in the subsequent administrative proceedings is . . . legal error subject to reversal." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

Here the remand order entered by the District Court for the Central District of California directs the Commissioner to "give full consideration" to the medical evidence, including, among other things, (1) the March 29, 2002, opinion by an unidentified psychiatrist that Plaintiff's dysthymic disorder was expected to incapacitate her for three months; (2) the opinion of Dr. Woodard; and (3) newly-submitted medical evidence, which includes the records of Dr. Anderson.

12 - OPINION AND ORDER

A.    **Standards.**

1.    **Development of the record.**

The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001). When important medical evidence is incomplete, the ALJ has a duty to recontact the provider for clarification.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  *See also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)(ALJ has a "special duty to fully and fairly develop the record" even when claimant is represented by an attorney).

When making disability determinations:

> If the evidence is consistent but we do not have sufficient evidence to decide whether you are disabled, or if after weighing the evidence we decide we cannot reach a conclusion about whether you are disabled, we will try to obtain additional evidence . . . .  We will request additional existing records, recontact your treating sources or any other examining sources, ask you to undergo a consultative examination at our expense, or ask you or others for more information.

20 C.F.R. § 404.1527(c)(3).

2.    **Medical opinions.**

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are

based on substantial evidence in the record." *Thomas*, 278 F.3d
at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.
1989)).  When the medical opinion of an examining or treating
physician is uncontroverted, however, the ALJ must give "clear
and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at
957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines
nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion
of a nonexamining physician cannot by itself constitute
substantial evidence that justifies the rejection of the opinion
of either an examining physician or a treating physician." *Id.*
at 831.  When a nonexamining physician's opinion contradicts an
examining physician's opinion and the ALJ gives greater weight to
the nonexamining physician's opinion, the ALJ must articulate his
reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec.
Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining
physician's opinion can constitute substantial evidence if it is
supported by other evidence in the record.  *Id.* at 600.

**B.    Medical opinions.**

**1.    Unidentified psychiatrist.**

Plaintiff contends the ALJ erred by (1) failing to
recontact the unidentified psychiatrist who completed the
March 29, 2002, medical report and (2) not giving any weight to
the unidentified psychiatrist's opinion.

On March 29, 2002, an unidentified psychiatrist
completed a one-page medical report for the California Health and
Welfare Agency.  Tr. 289.  The report consists of a diagnoses of
dysthymic disorder and a note that the psychiatrist does not
anticipate Plaintiff will be able to work from February 25, 2002,
until May 25, 2002, because of depression and insomnia related to
her dysthymic disorder.  Tr. 289.  There is not any mention of
Plaintiff's substance abuse.

> **a.    The ALJ did not err when he did not recontact
> the unidentified psychiatrist.**

As noted, when important medical evidence is
incomplete, the ALJ has a duty to recontact the provider for
clarification.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here the signature on the form completed by the
unidentified psychiatrist is illegible and does not include a
printed name.  The address and telephone number of the
unidentified psychiatrist are legible, however, and are actually
contact information for the San Bernadino County Department
of Mental Health.  Tr. 162, 289.  Other records from that
facility are also part of this record.  *See* Tr. 162-74, 641-71.
Accordingly, the record is not incomplete with regard to this
provider, and the ALJ, therefore, was not required to recontact
this provider.

On this record, the Court concludes the ALJ did
not err when he did not recontact the unidentified psychiatrist

15 - OPINION AND ORDER

because the medical record as to this provider is complete.

> **b.    The ALJ did not err when he did not give any weight to the unidentified psychiatrist's opinion.**

As noted, the ALJ must give legally sufficient reasons supported by substantial evidence in the record for rejecting the opinion of a treating physician.  *Thomas*, 278 F.3d at 957.

The ALJ did not give any weight to the March 29, 2002, opinion of the unidentified psychiatrist for purposes of assessing Plaintiff's ability to work on the ground that there is not any indication as to whether the unidentified psychiatrist considered Plaintiff's substance abuse in his assessment of Plaintiff.  Tr. 423.  Treatment notes dated November 20, 2001, however, indicate medical providers from the San Bernadino County Department of Mental Health were aware of Plaintiff's history of substance abuse.  Tr. 165-69.

The ALJ also did not give any weight to the opinion of the unidentified psychiatrist because he opined Plaintiff would only be temporarily incapacitated for approximately three months.  Tr. 289.  As noted, to be considered disabled, Plaintiff must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A).

In addition, the ALJ did not give any weight to the opinion of the unidentified psychiatrist on the ground that his opinion was conclusory in that it did not set out any ways in which Plaintiff was specifically limited. Tr. 428. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

On this record, the Court concludes the ALJ did not err when he did not give any weight to the unidentified psychiatrist's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### 2.    Dr. Anderson.

Plaintiff contends the ALJ erred by (1) failing to recontact Dr. Anderson and (2) not giving any weight to Dr. Anderson's opinion.

On September 3, 2006, Dr. Anderson wrote a brief note in which he states Plaintiff will be disabled for at least 12 months because of her chronic back pain, chronic neck pain, and bipolar disorder. Tr. 575. On September 9, 2006, Dr. Anderson filled out a medical information form regarding Plaintiff on which he checked a box indicating Plaintiff had a

mental incapacity that would prevent her from performing substantial gainful activity. Tr. 671. Dr. Anderson also checked a box indicating Plaintiff has "Schizophrenia or other chronic mental impairments (*e.g.*, long-term depression)."

Dr. Anderson's report is "Part C" of a "FA-196-FF" form, which is an Arizona Department of Economic Security Application for Assistance.[2] Tr. 671. Other than Dr. Anderson's September 3, 2006, note, there are not any treatment notes in the record from Dr. Anderson.

The ALJ rejected Dr. Anderson's opinion on the basis that there is not any evidence of schizophrenia in the medical record. Tr. 424. Although the ALJ was correct, the box checked by Dr. Anderson also includes "other chronic mental impairments, (*e.g.*, long-term depression)." Tr. 671. As noted, Dr. Anderson diagnosed Plaintiff with bipolar disorder and a chronic mental impairment, and the medical record is replete with references to Plaintiff's chronic mental impairments of bipolar disorder and depression. For example, Plaintiff was hospitalized six times because of her bipolar disorder and depression. Tr. 189-281, 596-96. Plaintiff's hospital records, however, do not reflect any assessment of Plaintiff's limitations. At the September 24, 2003, hearing, ME Sidney Bolter, M.D., testified his diagnoses of

---

[2] *See* Department of Economic Assistance Forms available at https://egov.azdes.gov/cmsinternet/appforms.aspx?category=77&menu=162 (last visited July 31, 2009).

Plaintiff (absent substance abuse) would be depression and
borderline personality disorder.  Tr. 346, 358.  Although
Dr. Bolter testified these impairments would result in only
moderate limitations to Plaintiff, Dr. Bolter is an examining
physician whose opinion does not carry the weight of a treating
physician.  *Lester*, 81 F.3d at 830.  Dr. Anderson, however, a
treating physician, found Plaintiff's limitations arising from
similar mental impairments were disabling.  Without the remainder
of Dr. Anderson's medical records, however, it is not possible to
determine if his opinion as to her disability is consistent with
his treatment notes or if he was even aware of her substance
abuse when he assessed her limitations.  Accordingly, it is not
possible to "reach a conclusion about whether [Plaintiff is]
disabled" based on Dr. Anderson's opinion.  20 C.F.R.
§ 404.1527(c)(3).  As noted, when important medical evidence is
incomplete, the ALJ has a duty to recontact the provider for
clarification.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

On this record, the Court concludes the ALJ erred when
he did not recontact Dr. Anderson and thereby fulfill his duty to
develop the record further.

**3.  Dr. Woodard.**

Plaintiff contends the ALJ erred by not giving any
weight to Dr. Woodard's opinion.

On December 13, 2001, Dr. Woodard completed a

psychiatric evaluation of Plaintiff.  Tr. 158-61.  Dr. Woodard
diagnosed Plaintiff with bipolar disorder and found Plaintiff has
moderate limitations in her ability to interact with the public,
slight-to-moderate limitations in her ability to interact with
supervisors or coworkers and her ability to withstand normal
workplace stress, slight limitations in her ability to maintain
concentration or attention and in her ability to  perform
detailed or complex tasks, and no limitations in her ability to
perform simple and repetitive tasks.  Tr. 160.  At the
evaluation, Plaintiff denied having used any alcohol or illegal
drugs in the prior ten years, but the record reflects positive
drug screens in 1999, 2000, and 2001.  Tr. 199, 204, 210, 221,
223, 236, 268.  In addition, there is not any indication that
Dr. Woodard took Plaintiff's substance abuse into account in his
evaluation of Plaintiff's mental impairments.  Tr. 159.  Because
there is not any indication in the record that Dr. Woodard was
aware of Plaintiff's substance abuse, the ALJ found Dr. Woodard's
opinion was not entitled to any weight in assessing Plaintiff's
functional abilities.

On this record, the Court concludes the ALJ did not err
when he did not give any weight to Dr. Woodard's opinion because
the ALJ provided legally sufficient reasons supported by
substantial evidence in the record for doing so.

In summary, the Court concludes on this record that the ALJ

generally complied with the remand order of the District Court
for the Central District of California in that he addressed the
medical evidence as directed, but the ALJ erred when he failed to
develop the record with respect to Dr. Anderson's opinion.

## II.  The ALJ's materiality determination as to Plaintiff's substance abuse.

Plaintiff contends the ALJ erred when he found Plaintiff's
substance abuse was a contributing factor material to her
disability on the ground that the evidence does not affirmatively
support such a finding.

As noted, the Commissioner's decision must be upheld when
the evidence is susceptible to more than one rational
interpretation.  *Webb*, 433 F.3d at 689.  Plaintiff, however,
contends when the medical evidence is ambiguous as to whether a
claimant's disability would "resolve" in the absence of substance
abuse, the ALJ must find in the claimant's favor as to the
materiality of the substance abuse.

The Commissioner in his August 30, 1996, Emergency Teletype,
an internal communication within the agency, states:

> When it is not possible to separate the
> mental restrictions and limitations imposed
> by DAA and the various other mental disorders
> shown by the evidence, a finding of "not
> material" would be appropriate.

Plaintiff relies on the Commissioner's statement to support
her argument that the ALJ was required to find Plaintiff's
substance abuse is not a material contributing factor here

21 – OPINION AND ORDER

because the medical record does not affirmatively show her disability would resolve in the absence of substance abuse; *i.e.*, Plaintiff contends the ALJ should find her substance abuse is not material to a determination as to her disability because her mental impairments cannot be separated from her substance abuse on this record.

In *Parra v. Astrue,* the plaintiff made essentially the same argument as Plaintiff does in this case by asserting the Commissioner's statements in the Emergency Teletype "preclude[] a finding of materiality unless the medical evidence affirmatively shows that a disability will resolve with abstinence." 481 F.2d at 749. The Ninth Circuit stated, however,

> [w]e reject [the plaintiff's] argument, which effectively shifts the burden to the Commissioner to prove materiality. Assuming without deciding that the . . . Teletype provisions apply to this situation, we have previously explained that internal agency documents such as [this] do not carry the force of law and are not binding upon the agency.

*Id*. (citing *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003). Thus, "the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to disability." *Id.* at 748. Accordingly, if the medical evidence does not affirmatively support a finding that Plaintiff's disability would resolve in the absence of substance abuse, the ALJ can properly conclude Plaintiff's substance abuse is a

contributing factor material to disability.

The Court, however, has concluded the ALJ erred when he did not develop the record as to Dr. Anderson's opinion and conclusions. Accordingly, any analysis as to the materiality of Plaintiff's substance abuse must be deferred until Dr. Anderson's treatment notes are included as part of the record and can be considered in determining whether Plaintiff is disabled.

<u>**REMAND**</u>

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Generally the decision whether to remand a case for further proceedings or for the payment of benefits is within the discretion of the court. *Harman*, 211 F.3d at 1178.

The Ninth Circuit, however, has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Id*. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting . . .
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here, as noted, the record is incomplete with regard to Dr. Anderson's opinion. Accordingly, the Court finds remand is appropriate to allow the ALJ to develop that part of the record further.

## <u>CONCLUSION</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

With respect to future proceedings in this matter after remand, the Court notes § 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee

. . . not in excess of 25 percent of the . . . past-due
benefits' awarded to the claimant." *Id*. at 795 (quoting 42
U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time
limit for filing applications for attorneys' fees and Federal
Rule 54(d)(2)(B) is not practical in the context of Social
Security sentence-four remands, Federal Rule of Civil Procedure
60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006 (Brown,
J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d
493, 505 (10th Cir. 2006).  To ensure that any future application
for attorneys' fees under § 406(b) is filed "within a reasonable
time" as required under Rule 60(b)(6), the Court orders as
follows:  If the Commissioner finds Plaintiff is disabled on
remand and awards Plaintiff past-due benefits and if, as a
result, Plaintiff intends to submit such application for
attorneys' fees under § 406(b), Plaintiff shall submit any such
application within 60 days from receipt of the Notice of Award by
the Commissioner.

IT IS SO ORDERED.

DATED this 7th day of August, 2009.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


25 - OPINION AND ORDER